Opinion filed May 15, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 15, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00284-CR

                                                    __________

 

                                   ROBERT M. ROSALES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Dawson
County, Texas

 

                                                  Trial
Court Cause No. 05-6392

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Robert M. Rosales of two counts of aggravated sexual assault of
a child, one count of indecency with a child by exposure, and one count of
indecency with a child by touching.  The jury assessed his punishment at
confinement for ninety-nine years and a $10,000 fine for each aggravated sexual
assault, confinement for ten years and a $5,000 fine for the indecency by
exposure, and confinement for twenty years and a $5,000 fine for the indecency
by touching.  We affirm.








                                                                Evidence
at Trial

There
is no challenge to the sufficiency of the evidence. The record reflects that
the victim was thirteen years old at the time of trial.  She identified
appellant as her grandmother=s
former boyfriend and testified that, beginning when she was six or seven,
appellant Astarted
touching [her] and stuff.@ 
Appellant would call her into the house and touch her private with his private
and with his hands.  Appellant would pull his pants down and pull her pants
down.  Then he would touch the inside of her private with his private. 
Appellant would also touch his private to her Abutt.@  The victim stated that,
when she would try to push appellant off her, he would hit her.  It hurt when
he did these things.  The victim stated that he only tried to put his private
in her butt once but that he did the other things more than once.  Sometimes,
she would hide in the closet because she was afraid of appellant.  When appellant
would find her, he would throw her on the bed and would try Asticking it in@ her front.  Appellant
would be on top of her moving, and she would cry.

The
victim stated that she knew that appellant had done these things to her sister.[1] 
She would try to go into the bedroom when appellant was alone with her younger
sister but the door would be locked.  The victim testified that appellant told
her that, if she ever told, he would Ago
after@ both her and
her sister.

Appellant
gave a written statement that was admitted into evidence.  Appellant did not
admit to any misconduct with the victim but described several incidents with
the victim and her sister.  Appellant stated that the victim had walked in once
while he was urinating and watched him.  When he finished, the victim reached
out and touched his penis.  Another time, the victim and her sister had peeked
through the shower curtain while he was in the shower.  Her younger sister had
sat on his lap one time when she was wearing only a T-shirt and he was in his
underwear.  Appellant did not think that his penis Acame out@
of his underwear.  Another time, appellant said that he grabbed a towel and
dried her younger sister off after her grandmother (his girlfriend) had bathed
her.  Appellant concluded his statement by stating that both the victim and her
sister would hug him and kiss him on the mouth every time they saw him after he
and their grandmother had separated. 

 Medical
evidence established that the victim had a scar near the base of her hymen
consistent with the type of sexual assault she described.








                                                                  Issue
on Appeal

In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in admitting his statement.  Because he was taking medication on the
day he gave his statement, appellant argues that there was an insufficient
showing that he had waived his right to remain silent and his right to
counsel.  At trial, appellant objected to the admission of his statement
pursuant to Tex. Code Crim. Proc. Ann.
art. 38.22 (Vernon 2005).  To the extent that appellant=s complaints on appeal match the objections he
raised before the trial court, appellant has preserved his arguments for
appellate review.  Tex. R. App. P. 33. 
To the extent that appellant=s
complaints on appeal do not match, those complaints are not properly before
this court and are overruled.

                                                   Hearing
on Appellant=s
Statement

Dawson
County Deputy Sheriff Alex Sauseda testified that he was a Lamesa police
officer at the time he investigated the present offenses.  The victim had
identified appellant as her assailant, and Deputy Sauseda went to appellant=s parents= house to talk to him. 
Appellant voluntarily agreed to go to the police station.  Deputy Sauseda
waited on appellant to get ready and then drove him to the police station. 
Appellant was not under arrest and was free to leave at any time.  Deputy
Sauseda advised appellant of his Miranda rights.[2] 
Appellant indicated that he understood and that he wished to waive his rights
and make a statement.  Deputy Sauseda took appellant=s statement, typed it up, and presented it to
appellant for his review.  Appellant initialed each of the various warnings and
signed the statement.

Deputy
Sauseda stated that, while appellant had informed him that he was taking
medication for his liver and that he had been in an accident, appellant did not
state what the medication was.  The record reflects that Deputy Sauseda
initially contacted appellant at his parents=
home at 12:30 p.m. and that appellant signed his statement at 4:15 p.m.








Appellant
testified for the purpose of determining the admissibility of his statement. 
Appellant stated that he had sustained a head injury in a 1979 motorcycle
accident.  He stated that he could barely see, that he had been taking
medication including hydrocodone at the time he talked to Deputy Sauseda, that
he had vomited blood while he was at the police station, and that Deputy
Sauseda did not give him his rights until after he had signed his statement. 
Appellant also testified that Deputy Sauseda saw Athe
black in [his] stool@
when he passed blood.  When the State questioned him, appellant stated that he
understood that he was on trial, that he went voluntarily because he wanted to
answer some questions, and that he had not been wandering around in a fog since
his accident. The record reflects that Deputy Sauseda was not questioned
concerning appellant=s
statements that Deputy Sauseda was aware that appellant had vomited blood and
passed blood in his stool.

The
trial court found that appellant=s
statement was voluntary and overruled his objections. 

                                                                        Analysis

In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).  Because the trial court is
the exclusive factfinder, the appellate court reviews evidence adduced at the
suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference
to the trial court=s
rulings on mixed questions of law and of fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. Where
such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Guzman, 955 S.W.2d at 87; Davila v. State,
4 S.W.3d 844, 847-48 (Tex. App.CEastland
1999, no pet.).  

The
record supports the trial court=s
determination that appellant voluntarily gave his statement and that the
provisions of Article 38.22 did not apply as appellant was free to leave at any
time.  We specifically note that appellant=s
claims concerning due process were not raised in the trial court and have not
been preserved for appellate review.  Rule 33.  The sole issue on appeal is
overruled.

                                                               This
Court=s
Ruling

The
judgments of the trial court are affirmed.

 

 

RICK STRANGE

JUSTICE         

 

May 15, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In a joint trial, appellant was convicted of committing
the same type of offenses on the victim=s
younger sister.  Today, this court has affirmed those convictions in Cause No.
11-07-00260-CR.





[2]Miranda v. Arizona, 384 U.S. 436 (1966).